**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. __________________**

Shaoqing Lin,

Plaintiff,

v.

Zonopy, YsyYey-US,

Defendants.

________________________________________________ /

# COMPLAINT

Plaintiff Shaoqing Lin ("Lin" or "Plaintiff"), through undersigned counsel, hereby files this Complaint against Zonopy and YsyYey-US and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

2. Plaintiff is the sole named inventor and the owner of all right, title, and interest in United States Patent No. 12,465,872, entitled "Multi-Stage Synchronous Driving Mechanism and Electric Toy" (the "Asserted Patent" or "'872 Patent"), which the United States Patent and Trademark Office duly and lawfully issued on November 11, 2025. A true and correct copy of the '872 Patent is attached hereto as **Exhibit 1**.

3. The invention of the '872 Patent uses a single motor to drive a single sun gear, which simultaneously drives a plurality of planetary gears, each carrying an execution unit, so that every execution unit rotates in synchrony at a preset ratio — without multiple transmission structures or multiple transmission shafts.

4. Defendants are e-commerce merchants who, without license or authorization from Plaintiff, offer for sale, sell, and import into the United States electric toys that embody each and every limitation of one or more claims of the ’872 Patent (the “Accused Products”), through storefronts they operate on the Amazon.com marketplace under the seller aliases Zonopy and YsyYey-US. Each Defendant offers the identical accused product — a single model with the same exterior design and the same internal construction (dancing jellyfish toy with LED light and music).

5. Based on information available on Defendants’ Amazon storefronts, Defendants reside in or operate from the People’s Republic of China or other foreign jurisdictions, conduct business in the United States exclusively through online marketplaces, and use aliases, incomplete registration information, and offshore payment and banking channels that obscure their true identities and the full scope of their operations.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the Patent Laws of the United States.

7. This Court has personal jurisdiction over each Defendant pursuant to Florida’s long-arm statute, Fla. Stat. § 48.193(1)(a), and consistent with the requirements of due process. Each Defendant has sold and shipped one or more Accused Products to purchasers located within this District. In addition, each Defendant operates one or more fully interactive commercial storefronts on the Amazon.com marketplace. Through those storefronts, each Defendant advertises the Accused Products in the English language, quotes prices in United States dollars, accepts orders and payment from United States consumers, designates shipping destinations within the United States, and communicates directly with United States purchasers. Each Defendant’s storefront is accessible to and is directed at consumers throughout the United States, including consumers residing in Florida and in this District.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendants are not residents of the United States and therefore may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## THE PARTIES

### ***Plaintiff***

9. Plaintiff Shaoqing Lin is an individual residing in Guangdong, China. Lin is the sole named inventor of the ’872 Patent and owns all right, title, and interest in and to the ’872 Patent, including the exclusive right to right to exclude others from making, using, offering for sale, selling, and importing the patented invention throughout the United States, and the right to enforce the ’872 Patent and to sue and recover for all past, present, and future infringement.

### ***Defendants***

10. Defendants Zonopy and YsyYey-US are business entities, partnerships, or unincorporated associations that own and operate the respective Amazon.com storefronts associated with their seller aliases.

11. Upon information and belief, Defendants conceal their identities and the full scope of their operations in order to evade enforcement. Defendants provide incomplete or false physical address information to Amazon.com, operate under names that do not correspond to any registered legal entity, and route proceeds through offshore financial accounts. True and correct copies of the Infringing Evidence, including product listings of the Accused Products, and Defendants’ Amazon.com seller information pages are attached hereto as **Exhibit 2**.

## DEFENDANTS’ UNLAWFUL CONDUCT

12. Each Defendant offers for sale the same accused product: a single model of motorized rotating-arm electric toy in the shape of a jellyfish, with tentacle-shaped arms that rotate beneath its body. This action accuses only that one model; it does not accuse different versions or

variations of a product. The Accused Products offered by Defendants are identical to one another in exterior design, configuration, and internal construction. Defendants offer the Accused Products for sale to consumers in the United States, sell the Accused Products to consumers in the United States, and import the Accused Products into the United States, all without license or authorization from Plaintiff.

13. Plaintiff obtained exemplars of the Accused Products from each Defendant and caused each exemplar to be disassembled, measured, and inspected. The disassembled exemplars share the same internal construction, as shown in the photographs reproduced below.






14. Each Accused Product comprises a housing; an electric motor mounted within the housing; a train of gears driven by the motor; a support fixed within the housing; a central sun gear carried by the support and driven by the gear train; a plurality of planetary gears carried by the support, each engaged with the sun gear; and a plurality of execution units, each connected to one

of those planetary gears and carrying an arm that projects through the support and rotates relative to the housing in synchrony with the other arms.

**JOINDER OF DEFENDANTS IS PROPER**

15. Each of Defendants sells the same model of the Accused Product. Every Defendant's listing shows the same toy: a jellyfish-shaped body wearing over-ear headphones and round eyeglasses, with white tentacle arms extending from a circular base, offered in green, pink, and orange. Every listing also describes the same functions: music, LED lights, rotating "dancing" tentacles, and "bump and go" obstacle avoidance. *See* Ex. 2. Defendants use different brand labels, but the products are the same.

16. Plaintiff obtained an example of the Accused Product from each of the two Defendants and caused each unit to be disassembled and inspected. Both units have the same external and internal construction. Each contains every element of claims 1 and 14, including six planetary gears, each with a stop slot, and six execution units, each with an insertion post, a stop post, a stop plate, and a free arm. The photographs in paragraph 13 and Figures 1 and 2 in paragraph 25 show a representative unit.

17. Defendants' listings are also linked to one another. Defendants use nearly identical listing titles. And they use the same specification text, including the same weight, size, dimensions, and battery configuration. Furthermore, Both Defendants offered the Accused Product for sale on Amazon.com during approximately the same period in August 2026.

18. Products developed independently by unrelated sellers would not be expected to share both the same exterior design and the same internal arrangement of motor, gear train, sun gear, planetary gears, and execution units. These shared characteristics support the inference that every Defendant obtained the Accused Products from the same source.

19. Joinder is therefore proper under 35 U.S.C. § 299(a) and Federal Rule of Civil Procedure 20(a)(2). Plaintiff's claims against each Defendant arise out of the same series of transactions or occurrences relating to the making, using, importing, offering for sale, or selling of the same accused product. They also present common questions of fact, including whether the drive mechanism common to all eight units infringes the '872 Patent and whether Defendants obtained the Accused Product from a common source. Joinder does not rest solely on allegations that each Defendant has infringed the '872 Patent. See 35 U.S.C. § 299(b).

**COUNT I – INFRINGEMENT OF CLAIM 1 OF U.S. PATENT NO. 12,465,872**
**(35 U.S.C. § 271(a) — Direct Infringement)**

20. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 to 19 as if fully set forth herein.

21. Each Defendant has directly infringed and continues to directly infringe claim 1 of the '872 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the Accused Products within the United States, and by importing the Accused Products into the United States, without authority, in violation of 35 U.S.C. § 271(a). Claim 1 employs the open-ended transitional phrase "comprising," and the Accused Products therefore infringe claim 1 notwithstanding that each contains additional components beyond those recited.

22. The Accused Products satisfy each and every limitation of claim 1, as set forth in the chart below.

What is claimed is:

**Claim 1.** A multi-stage synchronous driving mechanism, comprising:

- a housing;
- a motor, disposed on the housing;
- a gear transmission component, driven and connected to the motor; and
- a multi-stage execution component, comprising a support, a sun gear, a plurality of planetary gears, and a plurality of execution units, wherein the support is disposed on the housing, the sun gear and each of the planetary gears are rotatably disposed on the support, respectively, each of the execution units is connected to each of the planetary gears in a one-to-one correspondence, the sun gear is driven and connected to the gear transmission component, and each of the planetary gears is engaged with the sun gear, respectively; wherein
- the motor drives the sun gear to rotate by using the gear transmission component, so that the sun gear drives each of the planet gears to rotate, thereby driving each of the execution units to rotate relative to the housing;
- wherein each of the execution units comprises an insertion post, a stop plate, and a free arm that are connected in sequence, the planetary gear is sleeved on the insertion post, the free arm is penetrated in the support, and the stop plate movably abuts against the support;
- wherein the execution unit further comprises a stop post, a stop slot is disposed on the planetary gear, the stop post is disposed between the insertion post and the stop plate, and the stop slot is adapted to the stop post.

| **Accused Product - Figure 1** | |
|---|---|
|  | • a housing<br>• a motor, disposed on the housing<br>• a gear transmission component, driven and connected to the motor and<br><br>• a multi-stage execution component, comprising<br>- a support,<br>- a sun gear,<br>- a plurality of planetary gears, and<br>- a plurality of execution units,<br><br>• light emitting parts |
| **Accused Product - Figure 2** | |
|  | • wherein each of the execution units comprises<br>- an insertion post<br>- a stop plate<br>- a free arm<br><br>• wherein the execution unit further comprises<br>- a stop post<br>- a stop slot |

| Element | Claim Language ('872 Patent) | The Accused Products |
|---|---|---|
| **1[pre]** | A multi-stage synchronous driving mechanism, comprising: | The Accused Product contains a multi-stage synchronous driving mechanism. |
| **1[a]** | a housing; | The Accused Product includes each of the components as shown in Fig. 1 above. |
| **1[b]** | a motor, disposed on the housing; | |
| **1[c]** | a gear transmission component, driven and connected to the motor; and | |
| **1[d]** | a multi-stage execution component, comprising a support, a sun gear, a plurality of planetary gears, and a plurality of execution units, | |
| **1[e]** | wherein the support is disposed on the housing, | The support is disposed on the housing. It is seated within and secured to the housing, and it does not rotate relative to the housing during operation. |
| **1[f]** | the sun gear and each of the planetary gears are rotatably disposed on the support, respectively, | The sun gear is received in an installation hole in the support and rotates about its own axis relative to the support. Each of the planetary gears is separately carried by the support and likewise rotates about its own axis relative to the support. |
| **1[g]** | each of the execution units is connected to each of the planetary gears in a one-to-one correspondence, | The planetary gears and the execution units are paired one to one. |
| **1[h]** | the sun gear is driven and connected to the gear transmission component, | The sun gear is itself a toothed gear that meshes directly with the gear transmission component, such that rotation of that transmission gear rotates the sun gear. |
| **1[i]** | and each of the planetary gears is engaged with the sun gear, respectively; | The teeth of each of the planetary gears mesh directly with the teeth of the sun gear. |
| **1[j]** | wherein the motor drives the sun gear to rotate by using the gear transmission component, so that the sun gear drives each of the planet gears to rotate, thereby driving each of the execution units to rotate relative to the housing; | When the Accused Product is switched on, the motor drives the gear transmission component; the gear transmission component rotates the sun gear; the rotating sun gear simultaneously drives each of the planetary gears; and each planetary gear drives its corresponding execution unit. |

| Element | Claim Language ('872 Patent) | The Accused Products |
|---|---|---|
| **1[k]** | wherein each of the execution units comprises an insertion post, a stop plate, and a free arm that are connected in sequence, | The Accused Product includes each of the components as shown in Fig. 2 above. |
| **1[l]** | the planetary gear is sleeved on the insertion post, | The planetary gear is a component separate from the execution unit, and is sleeved on the insertion post. |
| **1[m]** | the free arm is penetrated in the support, | The free arm of each execution unit passes through the support and extends outward beyond the support. |
| **1[n]** | and the stop plate movably abuts against the support; | The stop plate of each execution unit bears against the surface of the support. |
| **1[o]** | wherein the execution unit further comprises a stop post, a stop slot is disposed on the planetary gear, | The Accused Product includes each of the components as shown in Fig. 2 above. |
| **1[p]** | the stop post is disposed between the insertion post and the stop plate, | On each execution unit, the stop post is located between the insertion post and the stop plate. |
| **1[q]** | and the stop slot is adapted to the stop post. | The stop slot of each planetary gear is shaped and dimensioned to receive the stop post of the corresponding execution unit. |

23. Defendants' infringement of claim 1 has caused and continues to cause damage to Plaintiff.

**<u>COUNT II – INFRINGEMENT OF CLAIM 14 OF U.S. PATENT NO. 12,465,872</u>**
**(35 .S.C. § 271(a) — Direct Infringement)**

24. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 to 19 as if fully set forth herein.

25. Each Defendant has directly infringed and continues to directly infringe claim 14 of the '872 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the Accused Products within the United States, and by importing the Accused Products into the United States, without authority, in violation of 35 U.S.C. § 271(a).

26. The Accused Products satisfy each and every limitation of claim 14, as set forth in the chart below. The chart is illustrative of Defendants' infringement and rests on the information presently available to Plaintiff; it does not limit Plaintiff's infringement contentions, which Plaintiff will serve in accordance with the Court's scheduling order and the Local Rules.

| Element | Claim Language ('872 Patent) | The Accused Products |
|---|---|---|
| **14[pre]** | An electric toy, | The Accused Products is an electric toy comprises the multi-stage synchronous driving mechanism according to claim 1. |
| **14[a]** | wherein the electric toy comprises the multi-stage synchronous driving mechanism according to claim 1, | |
| **14[b]** | and the electric toy further comprises several light emitting parts, | The Accused Product further comprises several light emitting parts. |
| **14[c]** | wherein each of the light emitting parts is located in the housing and correspondingly disposed in the support. | The light emitting parts are within the housing and in the support as shown in Fig. 1 above. |

27. Defendants' infringement of claim 14 has caused and continues to cause damage to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1) Entry of permanent injunctive relief, pursuant to 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65, enjoining Defendants, and their officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with them and who receive actual notice of the injunction, from:

   a. making, using, offering to sell, or selling within the United States, or importing into the United States, any product that infringes the Asserted Patent;

   b. actively inducing infringement of, or contributorily infringing, the Asserted Patent; and

c. transferring or assigning their business operations, forming new entities or associations, using new or existing online marketplace accounts or seller aliases, or employing any other means for the purpose of circumventing or avoiding the prohibitions contained in the Court's injunction;

2) Entry of an Order requiring Defendants and all persons otherwise bound by the injunction pursuant to Federal Rule of Civil Procedure 65(d)(2) to cease displaying, advertising, offering for sale, or selling products that infringe the Asserted Patent through any online marketplace platform, including Amazon, and granting such additional relief concerning relevant online marketplace accounts and listings as the Court deems lawful and appropriate to effectuate its injunction;

3) Entry of judgment that Defendants have infringed the Asserted Patent;

4) An award of damages adequate to compensate Plaintiff for Defendants' infringement, in an amount no less than a reasonable royalty, together with prejudgment interest and costs pursuant to 35 U.S.C. § 284, and enhancement of such damages up to three times the amount found or assessed based upon the intentional and willful nature of Defendants' infringement;

5) A finding that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees;

6) An award of Plaintiff's costs of suit; and

7) Such other and further relief as the Court deems just and proper.

October 27, 2026.

Respectfully submitted,

/s/ Andrew J. Palmer
Andrew J. Palmer
Palmer Law Group, P.A.
110 East Broward Blvd, Suite 1700

Fort Lauderdale, FL 33301
Phone: 954-771-7050
ajpalmer@palmerlawgroup.com
***Attorney for Plaintiff***